1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7
8

## EASTERN DISTRICT OF CALIFORNIA

9  UNITED STATES OF AMERICA,                    CASE NO. 1:11-cv-00179-LJO-SMS

10                          Plaintiff,

                                                **FINDINGS AND RECOMMENDATIONS**
11       v.                                     **RECOMMENDING THE GRANT OF**
                                                **PLAINTIFF'S *EX PARTE* APPLICATION**
12  APPROXIMATELY $1,707.00 IN U.S.             **FOR DEFAULT JUDGMENT**
    CURRENCY,
13
                                                (Doc. 17)
14                          Defendant.
                                         /
15

16       In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1)

17  default judgment against the interests of Jairo Fernandez and Jorge Palenzuela in approximately

18  $1,707.00 and (2) entry of a final forfeiture judgment to vest in the Government all right, title

19  and interest in the defendant currency.  The Government's motion has been referred to the

20  Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19) and is considered

21  in accordance with Local Rule A-540(d).

22       This Court has reviewed the papers and has determined that this matter is suitable for

23  decision without oral argument pursuant to Local Rule 78-230(h).  Having considered all written

24  materials submitted, the undersigned recommends that the District Court grant the Government

25  default judgment, enter final forfeiture judgment to vest in the Government all right, title and

26  interest in the defendant currency, and order the Government, within ten (10) days of service of

27  an order adopting these findings and recommendations, to submit a proposed default and final

28  forfeiture judgment consistent with these findings and recommendations.

I.     **Factual Background**[1]

On August 3, 2010, a central investigator for Home Depot advised the United States Secret Service ("Secret Service") that individuals identified as Jorge Palenzuela and Yuri Perez Machado sought to defraud Home Depot on multiple occasions by opening false business accounts.  Perez and Machado would apply in person at a Home Depot store, falsely representing themselves as authorized charge account users for legitimate businesses with which they falsely claimed to be affiliated.  On August 5, 2010, the Organized Retail Theft Manager for Lowe's advised the Secret Service that Palenzuela, Machado, and a third individual named Jairo Fernandez were using the same scheme to defraud Lowe's.  Amounts stolen through the fraudulent accounts at both stores totaled $202,843.59.

In connection with the investigation, on August 19, 2010, agents exercised a federal search warrant at 2628 Bernice Drive, Bakersfield, California.  In the garage, agents found three LG washers, three LG dryers, and three LG pedestals obtained from Home Depot, as well as other items.  Agents found the defendant currency in Fernandez's wallet.

II.    **Procedural Background**

This is a civil action *in rem* to forfeit to the United States of America approximately $1,707.00 in U.S. currency ("defendant currency").  Because the defendant currency is derived from proceeds traceable to one or more violations of 18 U.S.C. § 1014 (credit card application fraud), 18 U.S.C. § 1014 (identification fraud), 18 U.S.C. § 1029 (access device fraud), and 18 U.S.C. § 1343 (wire fraud), it is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

On February 1, 2011, the Government filed its complaint for forfeiture in rem, alleging that $1707.00 of the defendant currency was subject to forfeiture to the Government under 21 U.S.C. § 981(a)(1)(C) because it was derived from proceeds traceable to one or more violations of 18 U.S.C. § 1014 (credit card application fraud), 18 U.S.C. § 1014 (identification fraud), 18 U.S.C. § 1029 (access device fraud), and 18 U.S.C. § 1343 (wire fraud).  On February 4, 2011, based on the allegations of the amended complaint, the Clerk of the Court issued a Warrant for

---

[1]  These facts were derived from the Government's application and from the Court's records.

Arrest of Articles In Rem for the Defendant Currency.  The warrant was executed on March 8, 2011.

On February 8, 2011, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days.  According to the Government's Declaration of Publication, a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on February 10, 2011.

On March 14, 2011, Fernandez was personally served with notice of this action by the U.S. Secret Service.  The agent was unable to personally serve Palenzuela, who did not return to his former residence following his August 2010 arrest.  To date, no claim or answer has been filed on behalf of Palenzuela or Fernandez.

As part of the Government's Requests for Entry of Default, the United States Attorney declared under penalty of perjury that on information and belief, neither Fernandez nor Palenzuela was in the military service or was an infant or incapacitated person.  Neither potential claimants Fernandez nor Palenzuela, nor any other potential claimant, filed an answer or otherwise defended the action.  The Clerk entered default as to Fernandez on April 11, 2011, and as to Palenzuela  on April 18, 2010.  The Government moved for Default Judgment on May 2, 2011.

## DISCUSSION

### I.    Sufficiency of the Complaint

The Government contends that the allegations set forth in the verified complaint for Forfeiture In Rem and the cited facts provide ample grounds for forfeiture of the defendant currency.  A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Money or other things of value are subject to forfeiture if they are derived from proceeds traceable to one or more violations of 18 U.S.C. § 1014 (credit card application fraud), 18 U.S.C. § 1014 (identification fraud), 18 U.S.C. § 1029 (access device fraud), and 18 U.S.C. § 1343 (wire fraud).  21 U.S.C. § 981(a)(1)(C).

1    The Government's verified complaint alleges that the defendant currency is subject to

2    forfeiture since it was derived from proceeds traceable to one or more violations of 18 U.S.C. §

3    1014 (credit card application fraud), 18 U.S.C. § 1014 (identification fraud), 18 U.S.C. § 1029

4    (access device fraud), and 18 U.S.C. § 1343 (wire fraud).  21 U.S.C. § 981(a)(1)(C).  As set forth

5    above and in the verified complaint, the Secret Service seized the defendant currency on August

6    19, 2010, at 2628 Bernice Drive, Bakersfield, California.

7        The complaint meets the requirements of Rule G of the Supplemental Rules for

8    Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in

9    that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and

10   venue; describes the property seized and the circumstance of its seizure; and identifies the

11   relevant statutes.  In the absence of assertion of interests in the defendant currency, this Court is

12   not in a position to question the facts supporting its forfeiture.  As alleged, the facts set forth a

13   sufficient connection between the defendant currency and illegal drug activity to support a

14   forfeiture.

15   **II.   Notice Requirements**

16       The Fifth Amendment's Due Process Clause prohibits the Government from taking

17   property without due process of law.  Individuals whose property interests are at stake are

18   entitled to notice and an opportunity to be heard.  The requisite notice was provided to Fernandez

19   and Palenzuela.

20       **A.   Notice by Publication**

21       Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government

22   may publish notice "by posting notice on an official government forfeiture site for at least 30

23   consecutive days."  Local Admiralty and In Rem rules further provide that the Court shall

24   designate by order the appropriate vehicle for publication.  Local Rules A-530 and 83-171.  On

25   February 8, 2011, this Court authorized publication of the forfeiture action via the internet

26   forfeiture website www.forfeiture.gov for at least thirty days.  According to the Government's

27   Declaration of Publication (Doc. 10), a Notice of Civil Forfeiture was published on the official

28   government internet site (www.forfeiture.gov) for thirty days beginning on February 10, 2010.

4

1  Accordingly, the Government satisfied the requirements for notice to Fernandez and Palenzuela

2  by publication.

3  **B.   Personal Notice**

4      When the Government knows the identity of the property owner, due process requires

5  "the Government to make a greater effort to give him notice than otherwise would be mandated

6  by publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998).  In such

7  cases, the Government must attempt to provide actual notice by means reasonably calculated

8  under all circumstances to apprise the owner of the pendency of the forfeiture action.  *Dusenbery*

9  *v. United States*, 534 U.S. 161, 168 (2002) (*quotations omitted*).  *See also Mullane v. Central*

10  *Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of

11  actually informing the absentee might reasonably adopt to accomplish it").  "Reasonable notice,

12  however, requires only that the government attempt to provide actual notice; it does not require

13  that the government demonstrate that it was successful in providing actual notice."  *Mesa*

14  *Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

15      Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by

16  means reasonably calculated to reach the potential claimant.  Local Rule A-540 also requires that

17  a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that

18  due notice of the arrest of the property has been given both by publication and by personal

19  service of the person having custody of the property, or if the property is in the hands of a law

20  enforcement officer, by personal service on the person who had custody of the property before its

21  possession by a law enforcement agency or officer.  Notice must also be provided by personal

22  service or certified mail, return receipt requested, on every other person who has appeared in the

23  action and is known to have an interest in the property, provided that failure to give actual notice

24  to such other person may be excused upon a satisfactory showing of diligent efforts to provide

25  notice without success.  L.R. A-540(a).  Notwithstanding the Supplemental Rules and L.R. A-

26  540(a), the Government provides sufficient notice when the notice complies with the

27  requirements of F.R.Civ.P. 4.  *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute

28  ///

authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served Fernandez with the complaint, arrest warrant, publication order, and other related documents on February 24, 2011.  Although the Government was unable to personally serve Palenzuela, who had abandoned his home, it demonstrated diligent efforts to personally serve him.

### C.    Failure to File Claim or Answer

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice.  Supplemental R. G(4)(b) & (5).  Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action.  *Real Property*, 135 F.3d at 1317.  The Clerk of Court properly entered default against Fernandez on April 11, 2011, and against Palenzuela on April 18, 2011.

### D.    Default Judgment

The Government seeks judgment against the interests of Fernandez and Palenzuela, and final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency.  The Supplemental Rules do not set forth a procedure to seek default judgment in rem. Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default."  F.R.Civ.P. 55(a).  Generally, the default entered by the clerk establishes a defendant's liability.

///

///

Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*internal citations and quotation marks omitted*).

As noted above, the Government properly obtained default entries against the interests of Fernandez and Palenzuela. There is no impediment to default judgment sought by the Government against them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant currency. "A judgment in rem affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958). Because of Fernandez and Palenzuela's defaults, the Government is entitled to a final forfeiture judgment.

**RECOMMENDATIONS**

In light of the reasons discussed above, this Court recommends that

1.  The District Court grant Plaintiff United States of America default judgment against the interests of Jairo Fernandez and Jorge Palenzuela;

2.  The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the defendant currency; and

3.  The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and the order adopting them.

These findings and recommendations are submitted to District Judge Lawrence J. O'Neill pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and

7

1  recommendations with the Court and serve a copy on all parties.  Such document should be

2  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district

3  judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

4  The parties are advised that failure to file objections within the specific time may waive the right

5  to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

6

7  IT IS SO ORDERED.

8  **Dated:   June 21, 2011**                              **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28